■ In the Matter of THOMAS YANNOTTI et al., Petitioners, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated February 6, 1984, which, after a fair hearing, affirmed a determination of the local agency denying petitioner Thomas Yannotti's application for medical assistance.

Determination confirmed and petition dismissed on the merits, without costs or disbursements.

The record indicates that at the time of petitioner Thomas Yannotti's application for medical assistance, i.e., May 19, 1983, he indisputably possessed as his own resources, close to $27,000 in cash in a Merrill Lynch cash management account, as well as approximately $900 in a bank account, for a total figure of over $27,000. The local agency subtracted from this figure the applicable statutory family exemption of $5,150, leaving him with available cash resources of over $22,000.

Since Thomas Yannotti produced "no verification that [his] medical expenses [were] greater" than his cash resources, his application was denied by the local agency on June 14, 1983. In denying his application, the local agency also noted that he "own[ed] a second home in Queens which is also considered a resource".

Petitioner Thomas Yannotti thereafter requested a fair hearing which was conducted on December 13, 1983. During the fair hearing Thomas Yannotti did not challenge the fact that he possessed over $22,000 in available resources. Rather, he testified that he anticipated paying off about $7,000 or $8,000 in medical bills by the end of the year. He also testified at length as to the background of the purchase of the house in Woodhaven, Queens. Specifically, petitioner Thomas Yannotti and his brother petitioner Bernard Yannotti testified at the hearing, without contradiction, that Thomas (1) purchased the Queens home, in which his brother lived, with his brother's money and (2) put title to the Queens home in his own name, so as to prevent his brother, a deaf-mute, from having control over any money or real property due to the latter's gambling problem. Petitioners urged at the fair hearing that he was therefore only the nominal owner of the Queens home, and was in effect a constructive trustee for his brother.

In denying the application after a fair hearing, the respondent State Commissioner correctly concluded that Thomas Yannotti's excess resources were available to pay his projected medical expenses. Despite the conclusion, which was supported by the record, and clearly resolved the matter, the State commissioner went on to discuss the issue of the alleged constructive trust of the Queens home and resolved this issue against petitioners. Since petitioner Thomas Yannotti's available cash resources clearly exceeded his projected medical expenses as testified to at the fair hearing, the State commissioner should not have determined the issue of the alleged constructive trust of the Queens home, since that issue was totally unnecessary for a resolution of the matter before him.

Finally, we note that medical bills totaling close to $60,000 were attached to the petition in this proceeding. However, these bills were not presented at the fair hearing and thus are not part of the record presented for our review. Nevertheless, the bills reflect a drastic change in petitioner Thomas Yannotti's circumstances, which, as suggested by the State commissioner, may warrant a reapplication by him if he be so advised. Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.